UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samuel Lopez,

     Plaintiff,

vs.

9C Realty Associates L.P. and
Higher Grounds Cafe, Inc.,

     Defendants.

## COMPLAINT

Plaintiff, SAMUEL LOPEZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 9C REALTY ASSOCIATES L.P. and HIGHER GROUNDS CAFE, INC. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.     All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

## PARTIES

3.     Plaintiff, SAMUEL LOPEZ, is over the age of 18, *sui juris*, and a resident of

1

Kings County, New York. Plaintiff has paraplegia, is bound to ambulate in a wheelchair, and is a qualified individual under the ADA.

4.    Defendant, 9C REALTY ASSOCIATES L.P., is a Delaware limited partnership which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 9C REALTY ASSOCIATES L.P., is the owner of the Subject Premises located at 700 E 9th Street, New York, NY 10009.

5.    Defendant, HIGHER GROUNDS CAFE, INC., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the coffee shop "NINTH STREET ESPRESSO" on the Subject Property located at 700 E 9th Street, New York, NY 10009 (hereinafter, the "Subject Premises").

6.    According to New York Department of State Division of Corporations records, the Defendant, HIGHER GROUNDS CAFE, INC., filed the assumed name "NINTH STREET ESPRESSO" on January 12, 2004 and again on August 16, 2012.

7.    NINTH STREET ESPRESSO is a coffee shop offering a variety of coffee beverages, light fare, and related items to members of the general public in a casual setting. The establishment is known for its latte art, and further provides customers with the ability to enter the restaurant, be seated, and purchase meals and beverages in a public accommodation intended for on-site dining. The Plaintiff avers that he would enjoy visiting Ninth Street Espresso as he appreciates the ambiance, the Greek and seafood cuisine, and the classy dining experience provided at the establishment; and fully intends on trying the Matcha Pound Cake and the Cortado Latte, as well as enjoy the advanced latte art in his regular coffee runs. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the

Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

8.      On or about March 2025, and again on or about February 5, 2026, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. On such occasions, the Plaintiff's ability to partake in the services and goods at the Subject Property was constrained, hindered, and thwarted by certain structural barriers, to wit; a interloping set of stairs, hindering any wheeled ambulation or safe entry, and thus prevented full and equal access and enjoyment to the public accommodation.

9.      After coming upon said architectural barrier, Plaintiff was unable to locate any bell, buzzer, or sign regarding accessible entry into the premises. Most unjustly, the Plaintiff found no way of entering, despite his intent to enter and purchase goods, and thus left the public accommodation on both occasions.

10.     Plaintiff has visited the Subject Property which forms the basis of this lawsuit on multiple occasions, and was denied access to the restaurant by discriminatory barriers and a continued policy of deliberate indifference to such barriers that Defendants are fully aware are unlawful under Title III of the ADA. Therefore, Defendants knowingly and wantonly discriminate against Plaintiff and other similarly situated persons in their refusal to remediate (for purposes of nondiscrimination on the basis of disability by public accommodations and in commercial facilities) to the minimum guidelines of the law, which are both feasible and readily achievable.

**11.** Despite the fact that the Plaintiff lives but a few miles from Defendants' Facility, and passes by said restaurant usually multiple times per month, when he is conducting business matters, errands, or visiting family as well as friends throughout the boroughs, he has been unable to visit this public accommodation. Moreover, the Defendants' Facility is in a locale that Plaintiff dines out at one or two times every month.

**12.** Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all without architectural obstructions including but not limited to Lil' Shakes, Yang's Happy Wok, and Bobwhite Counters amongst several others; and thereon affirms that he would dine at the Defendant's restaurant and avail himself of the goods and services offered to the public were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

**13.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**14.** Ninth Street Espresso is a restaurant to which Plaintiff seeks full and equal access to dine, and to use the facilities. Plaintiff further avers that upon Defendants' compliance to remove barriers to access, he would visit the Cafe up to a dozen or two times a year for morning coffees and lunches; considering how appetizing and distinctive such unique dishes and beverages are, when traversing a neighborhood he frequents multiple times a month.

**15.** More specifically, Plaintiff intends to dine on their diverse variety of espressos from Peru and elsewhere, but particularly piquing his interest is the Matcha Pound Cake and the Cortado

Latte, as well as enjoy the advanced latte art, all of which are quite unique around this Manhattan neighborhood. The menu features a variety of indulgent offerings designed for on-site enjoyment, of which the Plaintiff has attempted to eat out at, but was denied due to Defendant's policy of segregation and deliberate indifference to those rights protected under Title III of the ADA.

16.    Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein, resultant Defendant's policy of wilful indifference to the laws protecting the civil rights of Plaintiff and like situated persons through the greater New York metropolitan area..

17.    On or about March 2025, and again on or about February 5, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

18.    Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

<u>**COUNT I**</u>
<u>**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**</u>
**(Against All Defendants)**

19.    Plaintiff restates Paragraphs 1-19 as though fully set forth herein.

20.    Defendants, 9C REALTY ASSOCIATES L.P. and HIGHER GROUNDS CAFE, INC., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and

accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

21.     9C REALTY ASSOCIATES L.P., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

22.     HIGHER GROUNDS CAFE, INC., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

23.     The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

### Accessible Route/Entrance

**i. Inaccessible Entrance**
An accessible route to the establishment is not provided as required, preventing Plaintiff and other wheelchair users from accessing the Subject Property. This is a violation of ADAAG §§206, 402, and 403. Providing a compliant accessible route to the entrance is readily achievable.

**ii. Accessible Means of Egress Not Provided as Required**
An accessible means of egress is not provided as required, limiting safe access for Plaintiff and other individuals with mobility impairments. This is a violation of ADAAG §207. Providing a compliant accessible means of egress is readily achievable.

**iii. Existing Steps at Entrance Act as a Barrier to Accessibility**
Existing steps at the entrance act as barriers to accessibility, preventing Plaintiff and other wheelchair users from independently entering the establishment. This is a violation of ADAAG §§206.4 and 303.4. Installing a compliant ramp or otherwise eliminating the steps is readily achievable.

**iv. Required Ramp Not Provided for Steps at Entrance**
A required ramp is not provided where there is a change in level greater than one-half inch at the entrance. This is a violation of ADAAG §§303 and 405. Installing a properly sloped ramp is readily achievable.

**v. Required Minimum Maneuvering Clearance Not Provided at Entrance Door**
The required minimum maneuvering clearance is not provided at the entrance door, interfering with Plaintiff's ability to safely approach and operate the door. This is a violation of ADAAG §404.2.4. Reconfiguring the doorway area to provide compliant maneuvering clearance is readily achievable.

**vi. Non-Compliant Change in Floor Level Within Required Maneuvering Clearance at Entrance Door**
A non-compliant change in level exists within the required maneuvering clearance at the entrance door, preventing Plaintiff and other individuals with disabilities from safely positioning themselves to enter. This is a violation of ADAAG §§302 and 404.2.4.4. Leveling the floor surface within the required maneuvering clearance is readily achievable.

**vii. Required Handrails Not Provided on Both Sides of Steps at Entrance**
Handrails are not provided on both sides of the steps at the entrance, preventing Plaintiff and other individuals with mobility impairments from safely navigating the entrance. This is a violation of ADAAG §505. Installing compliant handrails on both sides of the steps is readily achievable.

**viii. Non-Compliant Existing Handrail at Entrance**
The existing handrail does not comply with ADAAG requirements, limiting safe use by Plaintiff and other individuals with disabilities. This is a violation of ADAAG §505. Modifying the handrail to comply with ADAAG standards is readily achievable.

**ix. Required Handrail Extensions Not Provided at Entrance Steps**
Required handrail extensions are not provided at the top and bottom of the entrance steps, preventing Plaintiff and other individuals with mobility impairments from safely transitioning at the stair landing. This is a violation of ADAAG §505.10. Providing compliant handrail extensions is readily achievable.

**Dining Area**

**x. Inaccessible Dining Tables**
Dining tables are inaccessible, preventing Plaintiff and other individuals with mobility impairments from independently using the tables. This is a violation of ADAAG §§226 and 902. Providing compliant accessible dining tables is readily achievable.

**xi. Required Minimum Knee and Toe Clearance Not Provided at Dining Tables**
Required minimum knee and toe clearance is not provided at dining tables, interfering with Plaintiff's ability to position a wheelchair at the tables. This is a violation of

ADAAG §§306 and 902. Modifying or replacing the tables to provide compliant knee and toe clearance is readily achievable.

**xii. Minimum Percentage of Required Accessible Dining Tables Not Provided**
A minimum percentage of existing dining tables required to be accessible is not provided, limiting seating options for Plaintiff and other individuals with disabilities. This is a violation of ADAAG §226.1. Providing the required number of accessible dining tables is readily achievable.

**Counters**

**xiii. Inaccessible Counters**
The service counter, interior facing dining counter, and interior window front dining counter are inaccessible, preventing Plaintiff and other wheelchair users from independently using the counters. This is a violation of ADAAG §§226, 227, 902, and 904. Providing compliant accessible portions of each counter is readily achievable.

**xiv. Non-Compliant Height of Counters Exceeds Maximum Height Allowance**
The service counter and dining counters exceed the maximum allowable height, preventing Plaintiff from independently utilizing the counter surfaces. This is a violation of ADAAG §§902.3 and 904.4. Modifying the counters to provide compliant accessible heights is readily achievable.

**xv. Required Minimum Knee and Toe Clearance Not Provided at Counters**
Required minimum knee and toe clearance is not provided at the counters, interfering with Plaintiff's ability to position a wheelchair at the surfaces. This is a violation of ADAAG §§306 and 902.2. Reworking the counters to provide compliant knee and toe clearance is readily achievable.

**xvi. Required Accessible Portion of Counters Not Provided**
The required minimum accessible portions of the counters are not provided, limiting seating and service options for Plaintiff and other individuals with disabilities. This is a violation of ADAAG §226.1. Providing the required accessible portions is readily achievable.

**Restroom**

**xvii. Inaccessible Restroom**
The restroom is not accessible as required, preventing Plaintiff and other wheelchair users from independently accessing and using the restroom facilities. This is a violation of ADAAG §§206 and 402. Providing a compliant accessible route and accessible restroom layout is readily achievable.

**xviii. Required Minimum Clear Width Not Provided at Restroom Door**
The restroom door does not provide the required minimum clear width, preventing Plaintiff from independently entering and exiting the restroom. This is a violation of

8

ADAAG §404.2.3. Adjusting the doorway to provide compliant clear width is readily achievable.

**xix. Required Minimum Maneuvering Clearance Not Provided at Restroom Door**

The required minimum maneuvering clearance is not provided at the restroom door, interfering with Plaintiff's ability to safely approach and operate the door. This is a violation of ADAAG §404.2.4. Reconfiguring the door area to provide compliant maneuvering clearance is readily achievable.

**xx. Non-Compliant Door Swing of Restroom Door**

The restroom door swings into the required clear floor space of fixtures, preventing Plaintiff and other individuals with disabilities from safely maneuvering within the restroom. This is a violation of ADAAG §603.2.3. Modifying the door swing is readily achievable.

**xxi. Non-Compliant Door Lock at Restroom Door Requires Pinching of Fingers**

The restroom door lock requires pinching of fingers to operate, limiting independent use by Plaintiff and other individuals with disabilities. This is a violation of ADAAG §§404.2.7 and 309.4. Replacing the lock with compliant hardware is readily achievable.

**xxii. Required Minimum Turning Space Not Provided in Restroom**

Required minimum turning space is not provided within the restroom, preventing Plaintiff from maneuvering a wheelchair. This is a violation of ADAAG §§603.2.1 and 304.3.1. Reconfiguring the restroom layout is readily achievable.

**xxiii. Inaccessible Water Closet in Restroom**

The water closet does not provide required clearances, preventing Plaintiff and other wheelchair users from safely maneuvering and transferring. This is a violation of ADAAG §604.3. Repositioning fixtures to provide compliant clearances is readily achievable.

**xxiv. Required Grab Bars Not Provided on Rear and Side Walls of Water Closet**

Required grab bars are not provided on the rear and side walls of the water closet, preventing Plaintiff and other individuals with mobility impairments from safely transferring to and from the toilet. This is a violation of ADAAG §604.5. Installing properly positioned grab bars is readily achievable.

**xxv. Non-Compliant Distance of Water Closet from Side Wall**

The water closet is not positioned 16–18 inches from the adjacent side wall as required, interfering with Plaintiff's ability to safely transfer. This is a violation of ADAAG §604.2. Repositioning the water closet is readily achievable.

**xxvi. Inaccessible Lavatory in Restroom**

The lavatory does not provide required clear floor space and knee clearance, preventing Plaintiff from properly approaching and using the fixture. This is a violation of ADAAG §§305 and 606.2. Reconfiguring the lavatory area is readily achievable.

**xxvii. Non-Compliant Faucet Knobs at Lavatory Require Twisting of the Wrist**
The faucet knobs require twisting of the wrist to operate, limiting independent use by Plaintiff and other individuals with disabilities. This is a violation of ADAAG §§309.4 and 606.4. Replacing the faucet controls with compliant operable parts is readily achievable.

**xxviii. Insulation of Pipes Under Lavatory Not Provided as Required**
Water supply and drain pipes beneath the lavatory are not insulated or otherwise protected, creating burn and contact hazards for Plaintiff and other individuals with disabilities. This is a violation of ADAAG §606.5. Insulating the exposed pipes is readily achievable.

**xxix. Inaccessible Mirror in Restroom**
The mirror exceeds the maximum allowable height, preventing Plaintiff and other individuals with disabilities from using it. This is a violation of ADAAG §603.3. Reinstalling the mirror at a compliant height is readily achievable.

24.     Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

25.     In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

26.     Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical

disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

27.     The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

28.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

<strong><u>RELIEF SOUGHT</u></strong>

29.     Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

30.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

31.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the

ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,


BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By:    /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
   *Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com

12